IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICO FARM CREDIT, ACA,

        Plaintiff

           v.

LOURDES TORMÓS-FERNÁNDEZ,

        Defendant

CIVIL NO. 10-1534 (JP)

### DEFAULT JUDGMENT

The Court has before it Plaintiff's motion for default judgment (**No. 14**) against Defendant Lourdes Tormós-Fernández. The motion is **GRANTED.** Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled case that default was entered by the Clerk of this Court against Defendant on September 21, 2010 (No. 13) for her failure to plead or file an answer to the complaint or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default.

**IT IS HEREBY ORDERED:**

1. The mortgage constituted by Lourdes Tormós-Fernández by Deed Number 22 before Notary Public Carlos Tomassini-Ramírez on February 16, 2006, securing a mortgage note, payable to the order of the Puerto Rico Farm Credit, ACA, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of Defendant

CIVIL NO. 10-1534 (JP)          -2-

in the above cause, on the mortgaged premises described in the complaint.  The premises described in the complaint are:

**PROPERTY "A"**

**RÚSTICA: REMANENTE A: Solar compuesto de OCHO MIL NOVECIENTOS VEINTICINCO PUNTO NOVENTA Y DOS (8,925.92) METROS CUADRADOS, equivalentes a dos cuerdas con dos mil setecientos diez diezmilésimas de otra (2.2710 cdas.).  En lindes por el NORTE, con terrenos de Claudio González; SUR, con camino de uso público; ESTE, con el solar número tres (3) y por el OESTE, con el solar número uno (1).**

**REMANENTE B: Solar compuesto por DOCE MIL SEISCIENTOS QUINCE PUNTO VEINTICUATRO (12,615.24) METROS CUADRADOS, equivalentes a tres cuerdas con dos mil noventa y seis diezmilésimas de otra (3.2096 cdas.).  En lindes por el NORTE, con camino de uso público; SUR, con terreno de Rafael Marchand; ESTE, con terrenos de Rafael Marchand y por el OESTE, con el solar número dos (2).**

**REMANENTE C: Solar compuesto de CINCO MIL SETECIENTOS NOVENTA Y CINCO PUNTO TREINTA Y UNO (5,795.31) METROS CUADRADOS, equivalentes a una cuerda con cuatro mil setecientos cuarenta y cinco diezmilésimas de otra (1.4745 cda.).  En lindes por el NORTE, con terrenos de Claudio González; SUR, con terrenos de Rafael Marchán; ESTE, con terrenos de Eleuterio Santana y por el OESTE, con el solar número tres (3).**

**Sobre este remanente C se establece servidumbre de paso en beneficio de esta finca como predio dominante y sobre la finca  diez mil seiscientos nueve (10,609) como predio sirviente.**

The mortgage that encumbers this property that is being foreclosed herein was presented on March 6, 2006 at entry number 1457 of Volume 476 of the Day Book, Property Number 1,283 at the Registry

CIVIL NO. 10-1534 (JP)            -3-

of Property, Third (III) Section of Bayamón.  This property responds

for $68,900.00 of the mortgage.

> **PROPERTY "B"**
>
> **RÚSTICA: Solar identificado como solar número tres (3) en el plano de inscripción: Porción de terrenos compuesto de SEIS MIL DOSCIENTOS SETENTA Y SEIS PUNTO NOVENTA Y TRES (6,276.93) METROS CUADRADOS, equivalentes a una cuerda con cinco mil novecientos setenta diezmilésimas de otra (1.5970 cda.), situado en el Barrio Espinosa de Vega Alta, Puerto Rico.  En lindes por el NORTE, con terrenos de Claudio González; SUR, con camino de uso público; ESTE, con terrenos de Francisco Beauchamp y Rafael Marchand y por el OESTE, con terrenos de Francisco Beauchamp.**

The mortgage that encumbers this property that is being

foreclosed herein was presented on March 6, 2006 at entry number 1457

of Volume 476 of the Day Book, Property Number 10,609 at the Registry

of Property, Third (III) Section of Bayamón.  This property responds

for $131,100.00 of the mortgage.

    2.   Plaintiff Puerto Rico Farm Credit, ACA, is a corporation

existing under the Act of Congress known as the Agricultural Credit

Act of 1987, 12 U.S.C. § 2001, and which is a federally chartered

instrumentality of the United States of America.

    3.   That Defendant Lourdes Tormós-Fernández as subscriber of

the mortgage note and the Deed of Mortgage hereinbefore referred to

and as present owner of the mortgaged property described above is

hereby ordered and adjudged to pay unto Plaintiff Puerto Rico Farm

Credit, ACA, the following amounts: $192,766.04 of principal; plus

CIVIL NO. 10-1534 (JP)          -4-

$48.66 in late charges; plus $10,167.15 accrued interest on principal as of April 6, 2010, plus interest on unmatured principal accruing thereafter at the rate of 9.25% equivalent to $49.1425 daily until the date of its full payment, less $363.86 in unapplied payments, plus the sum of $20,000.00 as a fixed and liquid amount for the costs, expenses and attorneys fees.

4.   If Defendant does not pay the above-mentioned amounts within ten (10) days of this default judgment being entered, the mortgaged property described in paragraph one (1) hereof **SHALL** be sold by the Special Master at a public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

5.   José Gallart, Esq. and/or Angelique Doble-Bravo, Esq. are hereby designated and appointed Special Master to make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by this Court.

6.   The Special Master shall make the sale mentioned herein in accordance with 28 U.S.C. §§ 2001 and 2002, and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.  The notice of sale shall be published in a newspaper of general

CIVIL NO. 10-1534 (JP)              -5-

circulation once a week during four consecutive weeks.  The sale to be made by the Special Master appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $200,000.00, that is, $68,900.00 for Property A and $131,100.00 for Property B. For the second public sale, the minimum bid is $133,333.33, that is $45,933.33 for Property A and $87,400.00 for Property B.  For the third public sale, the minimum bid is $100,000.00, that is $34,450.00 for Property A and $65,550.00 for Property B.  The Special Master shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court.  Such sale shall be subject to the confirmation of this Court.  Upon confirmation, the Special Master shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law.  Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty days from the confirmation of the public sale.

CIVIL NO. 10-1534 (JP)          -6-

    7.  Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of this Court shall be applied as follows:

    (a)  To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum of $20,000.00, provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

    (b)  To the payment of all expenses or advances made by the Plaintiff for an amount not to exceed $20,000.00.

    (c)  To the payment of that part of the indebtedness owed to Plaintiff up to the amount of $192,766.04 of principal; plus $48.66 in late charges; plus $10,167.15 accrued interest on principal as of April 6, 2010, plus interest on unmatured principal accruing thereafter at the rate of 9.25% equivalent to $49.1425 daily until the date of its full payment, less $363.86 in unapplied payments, plus the sum of $20,000.00 as a fixed and liquid amount for the costs, expenses and attorneys fees.

CIVIL NO. 10-1534 (JP)            -7-

(d)  If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

8.    Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same.  Fed. R. Civ. P. 77(a).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of December, 2010.

s/José Antonio Fusté
JOSÉ ANTONIO FUSTÉ
CHIEF U.S. DISTRICT JUDGE